NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HTP, INC., a Washington Corporation, | No.  22-35184 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00732-JCC |
| v. | |
| FIRST MERIT GROUP HOLDINGS, INC., a Canadian provincial corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted December 8, 2022
Seattle, Washington

Before:  O'SCANNLAIN, McKEOWN, and MILLER, Circuit Judges.

HTP appeals the dismissal of its complaint against First Merit Group

Holdings and other defendants (collectively, FMG) for lack of Article III standing.

We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for

further proceedings.

1. HTP first challenges the dismissal of its claims for breach of fiduciary

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

duty and other torts. HTP alleges that FMG agreed to negotiate a transaction whereby HTP would simultaneously acquire technology from one company and make a deal with another company, Nabors, for the use of that technology. Instead of negotiating the deal on behalf of HTP, FMG allegedly made its own deal with Nabors.

HTP has standing to assert its tort claims. To establish standing, HTP must show an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). HTP has alleged a concrete, particularized, and actual economic injury from the loss of the deal. That injury is fairly traceable to FMG's alleged decision to stop negotiating on behalf of HTP and to negotiate an alternative deal for itself instead. A favorable judicial decision could redress the loss.

The district court concluded that HTP lacked standing because HTP did not own the technology and so could not have made a deal with Nabors for the use of that technology. HTP alleges, however, that it did not own the technology because FMG failed to negotiate its acquisition. The loss of benefits a plaintiff could have obtained, were it not for the defendant's conduct, constitutes a concrete injury. *See, e.g.*, *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017) (recognizing injury because the plaintiffs "lost a chance to obtain a settlement"). Had FMG

fulfilled its alleged duties, HTP could have acquired the technology and made the deal with Nabors.

Other potential impediments to the deal do not negate FMG's alleged role. Article III "requires only that the plaintiff's injury be fairly traceable to the defendant's conduct." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014). FMG allegedly displaced HTP's deal by making one of its own. That is more than sufficient to establish standing. The truth of these allegations goes not to jurisdiction, but to the merits. *See Augustine v. United States*, 704 F.2d. 1074, 1079 (9th Cir. 1983).

2. Next, HTP challenges the dismissal of its claim for declaratory relief. To satisfy Article III, a claim for declaratory relief must present a dispute that is "definite and concrete," is "real and substantial," and "admi[ts] of specific relief through a decree of a conclusive character." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)). HTP's claim satisfies those requirements. HTP alleges that FMG seeks about $350,000 for a loan FMG says it made to HTP; HTP disclaims any debt. HTP also argues that FMG's breach of its fiduciary duties forfeited any entitlement it might have had to compensation. *See* Restatement (Second) of Agency § 469 (Am. L. Inst. 1958) ("An agent is entitled to no compensation for conduct which is disobedient or which is a breach of his duty of loyalty . . . ."). The

claim concerns a concrete and substantial financial dispute, and it could be resolved through a declaration that the sum is not a valid loan.

3. HTP also objects to the setting aside of default against FMG. We review a district court's decision to set aside default for abuse of discretion. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (per curiam).

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." HTP argues that FMG did not establish good cause because it was culpable for the default. Our decisions have articulated the culpability standard in two ways. In the first, the defendant is culpable if it "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001)). The second formulation is the same as the first but leaves out the word "intentionally." *Id.* at 1093. The latter is "not the ordinary standard," and "we have never applied it to deny relief . . . except when the moving party is a legally sophisticated entity." *Id.*

HTP argues that FMG is a legally sophisticated entity subject to the second standard, so FMG's intent is irrelevant. But our case law does not require disregarding a sophisticated defendant's intent. On the contrary, when quoting the

4

second formulation of the standard, we have at times still examined the sophisticated defendant's intent. For example, in *Meadows v. Dominican Republic*, 817 F.2d 517, 521–22 (9th Cir. 1987), we held that the defendants were culpable because the State Department had "fully informed [them] of the legal consequences of failing to respond" and they "intentionally declined to answer."

The district court determined that FMG was not culpable because it reasonably disputed the authority of HTP's counsel to file the complaint and move for default. The circumstances overcame any presumption of culpability that might otherwise attach to a sophisticated party. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). There was no abuse of discretion in this decision, especially given the preference for resolving cases on the merits. *See Signed Personal Check*, 615 F.3d at 1091.

Costs shall be taxed against appellees.

**REVERSED and REMANDED.**